UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JON CULVAHOUSE, ALVIN LEVANDOSKI, on their own behalf and on behalf of a class of those similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 3:06-CV-313 RLM |
| CITY OF LAPORTE, INDIANA | ) ) ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

On July 30, 2007, this matter was referred to the undersigned to issue a report and recommendation regarding the parties' stipulation for partial settlement. This Court now issues its report and recommendation with regards to the pending request for final approval of that settlement and all other related matters.

**I.    PROCEDURE**

On May 15, 2006, Plaintiffs filed a class action complaint in this Court requesting declaratory and injunctive relief with regards to the Defendant City of La Porte's (La Porte) compliance with the American with Disabilities Act (ADA). Specifically, and of relevance to the present issues, Plaintiffs claimed La Porte did not have adequate curb cuts at its street intersections.

On December 22, 2006, this Court certified this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2). On July 24, 2007, the parties filed a stipulation for partial settlement with regards to the curb cut issue. On July 27, 2007, this Court preliminarily approved the partial settlement of the parties, and this Court began taking the necessary steps for final approval of

this settlement as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (CAFA) and <u>Synfuel Technologies, Inc. v. DHL Express, Inc.</u>, 463 F.3d 646, 653 (7th Cir. 2006).

On July 30, 2007, this case was referred to the undersigned to issue a report and recommendation with regards to the disposition of the parties' stipulation for partial settlement following notice to the class. On August 8, 2007, this Court set a final approval hearing to take place on November 14, 2007.

On November 6, 2007, La Porte filed a motion to rescind the stipulation for partial settlement. On November 7, 2007, Plaintiffs filed an objection to this motion. On November 9, 2007, Plaintiffs filed a supplemental memorandum in support of the partial settlement. On that same day, this Court vacated the final approval hearing. On November 12, 2007, La Porte filed a reply in support of its motion.

On January 23, 2008, this Court held an in-court hearing regarding La Porte's motion to rescind and the fairness of the pending settlement. This Court now enters its report and recommendation on the pending settlement and the motion to rescind pursuant to its referral order and 28 U.S.C. § 636(b)(1)(B).

**II.    ANALYSIS**

    A.    <u>La Porte's Motion to Rescind</u>

While the parties where negotiating the terms of the current partial settlement, La Porte relied on the statements of the Director of Engineering, Nathaniel Elshire (Elshire), that it would only cost $100,000 per year to perform under the terms of the partial settlement. La Porte claims that based on this information, they entered into the current settlement.

During the course of La Porte's negotiations with the Plaintiffs, Elshire passed away. Afterwards, La Porte began examining other information from a different report from the Schneider Corporation regarding the curb cut program. Even though La Porte had received the Schneider report prior to the July 24, 2007, date in which the parties submitted their settlement stipulation, La Porte claims it did not begin digesting the voluminous amount of information in the Scheider report until after the settlement date.

La Porte claims that the Schneider report establishes that it would cost substantially more than $100,000 per year to comply with the parties' settlement as estimated by Elshire. Consequently, La Porte argues that the settlement should be set aside because the parties entered into the stipulation based on a mutual mistake.

A settlement agreement is nothing more than a contract, and as a result, it is governed by the mandates of contract law. Herrnreiter v. Chi. Housing Authority, 281 F.3d 634, 636 (7th Cir. 2002). In Indiana, the doctrine of mutual mistake provides that:

> [w]here both parties share a common assumption about a vital fact upon which they based their bargain, and that assumption is false, the transaction may be avoided if because of the mistake a quite different exchange of values occurs from the exchange of values contemplated by the parties. It is not enough that both parties are mistaken about any fact; rather, the mistaken fact complained of must be one that is of the essence of the agreement, the *sine qua non,* or, as is sometimes said, the efficient cause of the agreement, and must be such that it animates and controls the conduct of the parties.

Perfect v. McAndrew, 798 N.E.2d 470, 478-79 (Ind. Ct. App. 2003). This Court does not find that a mutual mistake has occurred. Even though it now appears that it will cost La Porte a larger sum of money to comply with the settlement, the amount of money La Porte will unilaterally spend is not the essence of the contract. The essence of the contract is for the intersections curbs to be cut by a certain date. Plaintiffs are not concerned with the costs to La

3

Porte.  Their concern is that La Porte complies with the ADA.  While La Porte may have entered into the settlement based upon an erroneous projection of the costs to comply, that error is theirs not the Plaintiffs.  In short, the mistake that La Porte claims is mutual is not.  It is a unilateral mistake at best.

Furthermore, this Court is not even persuaded that a mistake is present.  La Porte knew of the Schneider report on June 4, 2007, and the parties did not enter into a settlement until July 24, 2007, which was almost two months later. Therefore, despite La Porte's reliance on Elshire, they had the new information that is the basis for their current motion to rescind well before they entered into the settlement, and La Porte simply chose not to digest that report.   "Neglect will not relieve a part of the terms of the contract in the absence of some excuse."  Moore v. Bowyer, 388 N.E.2d 611, 612 (Ind. Ct. App. 1979).  Legitimate excuses include fraud, trickery, misrepresentation, or a breach of confidence.  Id.  La Porte does not claim any such excuse here, but only claims that the Schneider report was so voluminous that they could not digest it before they entered into the settlement.  This not a legitimate excuse.  La Porte knew of the Scheider report prior to entering into the settlement and should have analyzed it before entering into the settlement.  If La Porte chose to enter into the settlement without fully digesting the Schneider report, they did so at their peril.  La Porte's submitted justification is unpersuasive and does not warrant recision of the settlement agreement.

In summary, the Court is not persuaded that there was excusable mistake at all, and even if there was, it was not a mutual mistake.  There is no basis to rescind the settlement agreement, and  La Porte must honor the agreement.  As a result, La Porte's motion to rescind should be **DENIED**.

B.   The Parties' Pending Settlement

On July 27, 2007, this Court preliminary approved the parties' partial settlement. The Court is informed that legal notice was posted in the local newspaper once a week for two successive weeks and that notice was posted in a prominent location in La Porte City Hall, La Porte County Courthouse, and in Family and Social Services Administration offices in La Porte. No objections were filed and Plaintiffs' counsel received no comments from class members or any other persons.

On January 23, 2008, the Court held an in-court hearing in which it discussed the partial settlement agreement with the parties and addressed its adequacy, fairness, and reasonableness.

1.   Compliance with Class Action Fairness Act of 2005

CAFA and 28 U.S.C. § 1715 were enacted on February 18, 2005, and are applicable to any civil action commenced on or after that date. Thus, CAFA is applicable to this case, which was filed on May 15, 2005. As shown by the parties' November 9, 2007, filing with this Court, the parties have represented that the Indiana Attorney General and United States Attorney General were served with notice via mail on August 6, 2007.

2.   The Parties' Settlement

The Court must address the settlement requirements outlined in both Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1082 (7th Cir. 1997) and Synfuel Technologies, Inc. v. DHL Express, Inc., 463 F.3d 646, 653 (7th Cir. 2006). The five factors to be considered in evaluating a class action settlement are well-settled: 1) the strength of the plaintiffs' case compared to the amount of defendant's settlement offer, 2) an assessment of the likely complexity, length and expense of the litigation, 3) an evaluation of the amount of opposition to

5

the settlement among affected parties, 4) the opinion of competent counsel, and 5) the stage of the proceedings and the amount of discovery completed at the time of the settlement. Synfuel, 463 F.3d at 653. In particular, this Court must evaluate the settlement amount against an estimated range of possible outcomes in the absence of settlement (which will necessarily be a "ballpark valuation"). Synfuel, 463 F.3d at 653.

      a. The Strength of Plaintiffs' Case

The regulations promulgated to enforce the ADA are explicit. In order to ensure accessibility, curb ramps that comply with the ADA must be provided on public streets. See 28 C.F.R. Part 35, Appendix A, Section 35.150. La Porte should have had these ramps done by January 26, 1995. 28 C.F.R. § 35.150(c).

The parties do not dispute that La Porte has intersections that do not comply with the ADA standards. Consequently, the Plaintiffs' case is quite strong on the merits, despite any possible defenses from La Porte.

      b. Likely Complexity, Length and Expense of the Litigation

The parties have already conducted significant discovery, briefing, presented oral arguments, and appeared at hearings. If the parties continued forward with litigation, they would expend additional expenses. The expenses associated with additional discovery and disputed legal issues in continued litigation will be significant, and settlement will avoid such expenses.

      c. Amount of Opposition to the Settlement Among Affected Parties

Plaintiffs' counsel represented that notice was published in a local newspaper and posted in public places. Moreover and most importantly, no one has filed objections to the proposed

6

settlement. In fact, neither party has received any comment in regards to the proposed settlement from the absent class members.

                d.      Opinion of Competent Counsel

The counsel for both Plaintiffs and La Porte have experience with class action litigation. Both the attorneys, upon consideration of the factors set forth herein, are of the opinion that the proposed settlement is fair and reasonable. La Porte's counsel only objects to the settlement on the grounds contained in its motion to rescind the settlement agreement. However, La Porte agrees that the settlement is generally fair to the certified class.

                e.      Stage of the Proceedings and the Amount of Discovery Completed

The parties have already engaged in extensive, detailed written discovery, which has allowed the parties to evaluate certain key facts that would impact the outcome of this case in order to evaluate what a fair settlement amount should be. The cost of additional litigation from this point forward would be significant. Thus, this stage of the proceedings is an opportune time for the parties to evaluate and engage in settlement discussions. The parties have done so, and have presented a fair and reasonable settlement to this Court.

In summary, the parties settlement is fair and reasonable based on this Court's assessment in accordance with <u>Synfuel</u>. This Court **RECOMMENDS** that the parties' proposed partial settlement should be **APPROVED**.

### III.   CONCLUSION

For the reasons stated, this Court **RECOMMENDS** that La Porte's motion to rescind the partial settlement be **DENIED** and that the parties' partial settlement be **APPROVED**.

**NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**.

**SO ORDERED.**

Dated this 30th Day of January, 2008.

                                            S/Christopher A. Nuechterlein
                                            Christopher A. Nuechterlein
                                            United States Magistrate Judge